E. B. MILLER v. E. M. CHURCH.

*Unrecorded Deed—Equitable Estate—Surrender of Deed, effect of—Feme Covert.*

1. The equitable interest created by an unregistered deed can ordinarily be extinguished by a return of the consideration and a surrender of the deed, but where the grantee is a *feme covert*, such equitable estate can only be divested by her deed and privy examination and joinder of her husband; therefore

2. Where, in an action to recover land, it appeared that plaintiff's grantor had previously conveyed it to his daughter, a *feme covert*, who, after retaining the deed for a year without having it recorded, returned it to her father just before her death with instructions to destroy it, which he did: *Held*, that plaintiff was not entitled to recover the land from defendants, the heirs of the daughter, who were in possession under the equitable title acquired from her.

CIVIL ACTION, tried at Fall Term, 1892, of WATAUGA Superior Court, before *Armfield, J.*, and a jury.

Plaintiff introduced in evidence a deed for the land in controversy to himself from one Cleveland Eggers, dated in 1892, purporting to convey said land to plaintiff in fee. Plaintiff, as a witness for himself, testified that when he took this deed from Cleveland Eggers he gave his notes to said Eggers for seven hundred dollars as the purchase price of said land; that it was agreed at the time that unless he recovered the land from defendants these notes were to be given up to him by Eggers, and that he was to pay nothing for the land; that Eggers still held these notes, but that he did not expect to pay them, or any part of them, unless he recovered the land.

Plaintiff further testified that at the time he took said deed from Eggers he knew the fact that said Eggers had several years before made and delivered to one Elizabeth Farthing, a daughter of Eggers, a deed of gift, conveying

to said Elizabeth the same land in fee, and that she held said deed for about a year, and until a short time before she died; that said Elizabeth was, at the time she received said deed, and up to her death, a *feme covert*, leaving a husband, but no children, surviving her; that said deed to Elizabeth had never been recorded; that he knew when he took the deed from Eggers to himself that the defendants were claiming the land as heirs at law of said Elizabeth under said deed, but that he was also then informed that the said Elizabeth, a short time before her death, had delivered up said deed conveying the land to her to her father, Cleveland Eggers, to be canceled, and that said Cleveland had destroyed it, it never having been registered. He testified that the land was worth $900, or $1,000. The plaintiff then introduced as a witness said Cleveland Eggers, and offered to prove by him that his said daughter Elizabeth, a short time before her death, voluntarily delivered up to witness the same deed which he had made to her for the land, and directed him to destroy the deed, it having never been registered, and that she at the same time declared that she wanted him (Cleveland) to have the land.

The defendants objected to this testimony; the Court sustained the objection, and plaintiff excepted. The Court then remarked that if all the plaintiff proposed to prove by Cleveland Eggers was proven by a competent witness, he should still instruct the jury that the plaintiff could not recover. In deference to this intimation of the Court the plaintiff took a nonsuit and appealed.

*Messrs. G. N. Folk* and *W. B. Councill*, for plaintiff (appellant).

No counsel *contra*.

Miller *v.* Church.

Shepherd, C. J.: The unregistered deed from Cleveland Eggers to Elizabeth Farthing, his daughter, vested in the latter an equitable freehold estate, and such equitable interest can ordinarily be extinguished by a return of the consideration and a surrender of the deed. *Ray* v. *Wilcoxon,* 107 N. C., 514; *Davis* v. *Inscoe,* 84 N. C., 396. In the case, however, of a married woman a different principle applies as to the extinction of her equitable estate in realty. In *Ray* v. *Wilcoxon, supra,* the Court said: "If the unregistered deed conferred upon her an estate in the land, either legal or equitable, it is plain that there is but one way by which she can convey it, and that is by deed and privy examination with the joinder of the husband. It is a well-recognized principle that the law will not allow that to be done indirectly which it has forbidden to be done directly, and if a married woman can, by the simple redelivery of her unregistered deed, practically convey her equitable estate in realty, the very disability which the law has imposed will to a great extent be removed, and the safeguards which it has carefully thrown around her be broken down and abrogated." This authority is decisive of the present case, and renders it unnecessary to discuss the question presented in the brief of the learned counsel as to whether a court of equity should decree a reconveyance of the legal title, the equities being equal, etc. The defendants, who claim under Elizabeth, are not seeking such relief, but defend their possession under the equitable title acquired from her, and this title is all that is necessary for their purpose in this action.

Besides, it may be observed that the plaintiff is, according to his own testimony, a purchaser without value, and with full knowledge of all of the circumstances constituting the defence. It may also be remarked that the execution

of the deed was admitted and that there was no consideration for its surrender.

We concur with his Honor that, admitting to be true all that the plaintiff attempted to prove, he is not entitled to recover. Affirmed.